UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| DARRIUS CLEMENTS,<br>    Plaintiff | CIVIL ACTION<br>NO. CV08-0066-A |
| VERSUS | |
| TIMOTHY WILKINSON, et al.,<br>    Defendants | JUDGE DEE D. DRELL<br>MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Darrius Clements ("Clements") pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned Magistrate Judge for report and recommendation in accordance with a standing order of this court.

In his complaint, Clements alleges that, while he was incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana, in 2007, he was handcuffed and beaten by three correctional officers at WCC, resulting in 62 broken bones in his face. Clements contends he had already had facial reconstructive surgery and that the plates (9) and screws in his face were displaced by the officers and will require surgical repair. For relief, Clements is seeking monetary damages. Clements is still incarcerated in the Winn Correctional Center.

On April 3, 2008, Clements was ordered to complete and return

summons forms and USM 285 forms to the Clerk of Court for service on the defendants (Doc. 11). As of the date of his Report, Clements has not returned the completed summonses and forms for service. Therefore, Clements' complaint should be dismissed for failure to comply with an order of this Court. See Rule 41(b) of the Federal Rules of Civil Procedure; <u>Link v. Wabash Railroad Co.</u>, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); <u>Gonzalez v. Trinity Marine Group, Inc.</u>, 117 F.3d 894, 898 (5th Cir. 1997).

Moreover, since Clements never completed summonses for these defendants, they were never served. Accordingly, the complaint against these defendants should also be dismissed without prejudice for failure to effect service, under Fed.R.Civ.P. 4(m). See <u>McGinnis v. Shalala</u>, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); <u>Systems Signs Supplies v. U.S. Dept. of Justice</u>, 903 F.2d 1011, 1013 (5th Cir. 1990); <u>Kersh v. Derosier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988).

Accordingly,

IT IS RECOMMENDED that Clements' complaint be DISMISSED WITHOUT PREJUDICE for failure to comply with an order of this Court and for failure to serve the defendants.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

2

party's objections within **ten (10) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 29th day of April, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE